UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA        :        S1 14 Cr. 500 (NSR)
                                :
against                         :
                                :
CLYDEDORO GRAHAM                :
_____

GRAHAM'S MEMORANDUM IN OPPOSITION TO THE GOVERNMENT'S
MOTION IN LIMINE TO ADMIT CERTAIN EVIDENCE AGAINST HIM

Dated:      Bronx, New York
            October 9, 2015

                                        Samuel M. Braverman
                                        Fasulo Braverman & Di Maggio, LLP
                                        901 Sheridan Avenue
                                        Bronx, New York 10451
                                        Tel: (718) 293-1977
                                        Fax: (718) 293-5395

INTRODUCTION

Clydedoro Graham ("Defendant") submits this memorandum of law in support of his opposition to the Government's Motion *In Limine* to admit evidence against him at trial. The Government moves *in limine* to secure pretrial rulings allowing:

1. The admission of evidence of the defendant's prior participation in the prostitution business and his control over the prostitution activities of uncharged victims, in particular, Phoebe and Stacey, as direct evidence of the crimes charged or, alternatively, pursuant to Federal Rule of Evidence 404(b), to prove the defendant's knowledge, intent, plan, absence of mistake, motive, and *modus operandi* with respect to the charged crimes;

2. The admission of evidence of the defendant's prior possession of a gun in or about 2014, pursuant to Federal Rule of Evidence 404(b);

3. The admission of evidence of the defendant's use of aliases, pursuant to Federal Rule of Evidence 404(b), to prove his consciousness of guilt;

4. The admission of certain prior statements of the Victim, pursuant to Federal Rules of Evidence 803 and 801(c);

5. The preclusion of certain cross-examination of the Victim regarding her prior sexual history, pursuant to Federal Rule of Evidence 412; and

6. The protection of the identity of the "Victim" in this case.

The defendant objects to Government's request numbers 1, 2, and 3.

The defendant objects in part to Government's request number 4: The Government seeks to introduce a conversation between the complainant and an officer at the door of the subject apartment over whether or not she was being held against her will. The rules of evidence cited by the Government support the admission of this colloquy

and the defendant does not object. The Government further seeks to introduce a statement of the complainant "down the hall" which essentially is a recitation of the events in the apartment. This will be a prior consistent statement of the complainant compared to her trial testimony, and thus is inadmissible under FRE 801(d)(1).

Further under request 4, the Government seeks to introduce "among other things", the following statements to medical professionals:

    A. She was raped by three men.
    B. The men used condoms.
    C. She was told to consent to whatever the men did, and the Victim did so because she felt threatened that something might happen if she said no.
    D. The sex was non-consensual but no force was used. But the men were rough with her.
    E. She had oral sex with one of the men.
    F. One of the men put the tip of his finger in her anus.
    G. She wanted to come to the hospital to make sure she does not get sick.

Of the above statements, <u>B</u>, <u>E</u>, and <u>F</u> are admissible under FRE 803(4). <u>A</u> is admissible only to the extent that medical professionals can testify that the complainant stated to them that she had intercourse with three men. "Rape" is a legal term and it is not for these witnesses to opine to the jury about the law. It is sufficient for the medical practitioner to testify that the complainant stated that she "had sex with three men." <u>D</u> is admissible only to the extent that the lack of force is relevant to the medical examination for injuries (latent or patent). <u>C</u> and <u>G</u> are not admissible at all through the medical witnesses as they are hearsay without a proper exception. The complainant is fully capable to testifying to these points without prior statement bolstering prohibited by FRE 801.

The defendant has no objection to request number 5, so long as the Government

neither claims that the complainant (or any of the 404B witnesses) was not a prostitute in the business of selling sex for money, nor claim that she did not come to the apartment of her own free will for the purpose of exchanging sex for money. So long as the Government does not engage in either of these specious and clearly false theories, the defendant does not intend to violate FRE 412 in any way. The defendant will not argue, for example, that because the complainant was a prostitute, she could legally be kidnapped or trafficked or raped. But the fact that she was a prostitute, and came to the apartment to engage in the prostitution business, and then the defendants has sex with her for money (including the type of sex that occurred in the apartment), is highly relevant and admissible testimony. FRE 412(b)(1)(C). The defendant's constitutional right to confront the witnesses against him is fundamental to his right to a fair trial, and the Government's attempt to create a misleading picture of the events at bar will only create confusion in the jury's mind and frustrate their fact-finding role. The Government should be required to give this Court more specific examples of how it will "elicit limited testimony regarding the Victim's prior prostitution" and "came to the apartment expecting to have sex with someone for money" (Government's motion, p. 39) and simultaneously seek to preclude the defendant from eliciting "all activities that involve actual physical conduct, i.e., sexual intercourse or sexual contact" (Id, p. 36). As always, cross-examination is allowed on the topics brought forth on direct examination. FRE 611(b). To the extent that the complaint (or any 404B witness) opens the door, cross-examination on that material ensues.

The defendant has no objection to request number 6 above, so long as: 1) the defendant is provided with all the relevant information about the complainant (including criminal history) prior to trial, and 2) the complainant should be referred to simply as "Ms. Doe". Contrary to the suggestion of the Government, she should not be identified only by her first name or as the "victim", both of which will tend to make her more sympathetic before the jury.

## ARGUMENT

Government requests 1, 2, and 3: Other crimes and bad act evidence, because it improperly implicates a defendant's character and propensity for criminal conduct, is subject to careful analysis. The United States Supreme Court pointed out in Michelson v. United States, 335 U.S. 469 (1948), that the problem with this evidence is not that the evidence lacks persuasive value, but rather that such evidence tends "to weigh too much with the jury and to so over persuade them as to prejudice one with a bad general record and deny him a fair opportunity to defend against a particular charge." Id. at 475-476.

Proffered evidence that merely shows possible criminal propensity is inherently prejudicial and should not be admitted at trial. Fed. R. Evid. 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident..."

Rule 404(b) must be read *in para matieria* with Fed. R. Evid. 403, which provides for the:

> Exclusion of relevant evidence if its introduction: is substantially outweighed by the danger of unfair prejudice; confusion of the issues; or misleading of the jury; or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

Evidence proffered under Rule 404(b) must meet three basic criteria before it can be properly admitted at trial. It is admissible as follows:

A. It must be offered for a proper purpose,

B. It must be relevant under Rule 402, and

C. It must be evidence whose probative value substantially outweighs the potential for unfair prejudice.

See <u>Huddleston v. United States</u>, 485 U.S. 681, 691-92 (1988).[1] Here, the proffered evidence meets none of the requirements of Huddleston.

The defense recognizes the Second Circuit has taken an "inclusory approach" to the admission of prior act evidence. <u>United States v. Ortiz</u>, 857 F.2d 900 (2d Cir. 1988). However, evidence of prior wrongs or bad acts is still not admissible to show a defendant's criminal propensities. <u>United States v. Brennan</u>, 798 F.2d 581 (2d Cir. 1986) and this Circuit has been quick to reverse convictions when it decided improperly admitted 404(b) material adversely affected the jury's consideration of the evidence. In <u>United States v. Figueroa</u>, 618 F.2d 934 (2d Cir. 1980), the Court reversed a conviction where evidence was adduced concerning a prior drug sale and the defense was based on the theory that conduct had never taken place.

The Government here has failed to satisfy the standard requiring the government

---

[1] If **404(b)** evidence is admitted, the court must, upon request, give a proper limiting instruction under **FRE** 105. <u>United States v. Slaughter</u>, 248 Fed.Appx. 210 (2nd Cir., 2007), quoting <u>Huddleston v. United States</u>, 485 U.S. 681, 691-92 (1988).see also <u>United States v. Lombardozzi</u>, 491 F.3d 61, 78 (2d Cir.2007).

establish that the evidence sought to be introduced is "intrinsic" or is "inextricably intertwined with," the charged crimes or the charged crimes are not straightforward and cannot be understood without reference to the uncharged acts. United States v. Newton, 2002 WL 230964, (S.D.N.Y. February 14, 2002) The allegations contained in the indictment are clear as day and the proffered evidence of prior crimes and bad acts are not crucial information without which the jury would be confused. A prior bad act that is similar to the instant offense, but which does not involve the same complainant is clearly not inextricably interwoven into the fabric of testimony. Nor is there any witness who would testify that the prior events complete the narrative of the instant event as they are separate crimes, separate in time, separate in victims, and outside the scope of the allegations in the indictment. Each of the cases cited by the government in its moving papers states unequivocally that when testimony is not inextricably interwoven into the charged crime, it is inadmissible. *See* United States v. Romero-Padilla, 583 F.3d 126, 130 (2d Cir. 2009); United States v. Gonzalez, 110 F.3d 936, 942 (2d Cir. 1997); United States v. Quinones, 511 F.3d 289, 309 (2d Cir. 2007); United States v. Robinson, 702 F.3d 22, 37 (2d Cir. 2012); United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000); United States v. Graziano, 558 F. Supp. 2d 304, 320 (E.D.N.Y. 2008).

  Further, the defendant's alleged prior possession of a gun, and his alleged prior menacing of a person with the gun, is irrelevant to the instant prosecution (which makes NO mention of a weapon), and will only inflame the jury against the defendant for a crime not contained in the indictment. Such highly prejudicial evidence is irrelevant, immaterial, and prohibited. FRE 404B.

Should the defendant take the stand, he should not be cross-examined on these prior bad acts either. Federal Rule of Evidence 609 provides, inter alia, that "evidence that an accused has been convicted of ... a crime [punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs the prejudicial effect of the accused." Fed. Rule Evid. 609 (a)(l). The Rule also provides that "evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment." Fed. Rule Evid. 609 (a)(2). Under Rule 609 (a)(l) "the prosecution must show that the probative value of a prior conviction outweighs the prejudice to the defendant." United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983). In this case, the Government cannot make the requisite showing with respect to Defendant's prior convictions.

In United States v. Fearwell, 595 F.2d 771 (D.C. Cir. 1978), the D.C. Circuit admonished that, "Rule 609 (a)(2) is to be construed narrowly; it is not carte blanche for admission on an undifferentiated basis of all previous convictions for purposes of impeachment; rather, precisely because it involves no discretion on the part of the trial court in the sense that all crimes meeting its stipulation of dishonesty or false statement must be used for impeachment purposes, Rule 609(a)(2) must be confined ... to a 'narrow subset of crimes' — those that bear directly upon the accused's propensity to testify truthfully." Id., at 777, citing United States v. Smith, 551 F.2d 348 (D.C. Cir. 1976) (emphasis in original).

In Smith, the D.C. Circuit explained that "[b]y the phrase 'dishonesty and false

statement' the [Congressional Conference Committee] means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." 551 F.2d at 362, citing H.R. Conf. Rep. No. 9301597, 93d Congo Sess. 9, reprinted in [1974] U.S. Code Congo & Admin. News, pp. 7098, 7103. Further, the Smith court noted that even an offense that does not per se bear on credibility may be used to impeach if "the prosecutor has first demonstrated to the court the underlying facts which warrant the dishonesty or false statement description." Id., at 364. It is the Government's burden to "produc[e] fact[s] which demonstrat[e] that the particular conviction involved fraud or deceit." United States v. Glenn, 667 F.2d 1269,1273 (9th Cir. 1982), citing United States v. Smith, 551 F.2d at 364.

Government requests 4, 5, and 6. The Government's application should be granted only to the extent agreed to above. Any additional limitations on the defendant's ability to confront the witnesses against him would be improper and unconstitutional. Further the Government makes its motions to preclude without sufficient detail to allow defendant to make targeted objections and to allow this Court to make appropriate rulings. The Government should be required to substantially amplify its proposed testimony.

It is also clear that once a witness takes a stand, be it a defendant or a Government witness, he exposes himself to full cross-examination to elicit truthful testimony. Brown

v. United States, 365 US 148 (1958). The mere presence of a witness on the stand places that person's credibility in issue (United States v. Reid, 634 F.2d 469 (9th Cir. 1980).) The limits imposed upon the scope of this inquiry are clearly set forth in the Federal Rules of Evidence, Articles IV (relevance) and VI (witnesses). Where impeachment of a witness is in the form of cross-examination upon prior inconsistent statements, such mutually inconsistent statements create the existence of *at least* one falsehood, which is therefore probative of the witness' lack of trustworthiness. (See Lyda v. Unites States, 321 F.2d 788 (9th Cir. 1963); Reid, supra, at 473-474.) Even if the Government does not raise the issue of credibility on direct examination, it is fertile and acceptable grounds for cross-examination (FRE 611(b); United States v. Contreras, 602 F.2d 1237 (5th Cir.); *cert. denied,* 100 S.Ct. 466 (1979).)

## CONCLUSION

For the forgoing reasons, this Court should sustain the defendant's objections to the proffered testimony, compel an offer of proof from the Government as to the proposed medical and 404B testimony, and grant such other relief as this Court deems just.

Dated: Bronx, New York
       October 9, 2015

                                            Respectfully Submitted,

                                            s/Sam Braverman
                                            Samuel M. Braverman
                                            Attorney for Defendant

Fasulo Braverman & Di Maggio, LLP
901 Sheridan Avenue
Bronx, New York 10451
Tel (718) 293-1977
Fax (718) 293-5395